UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

1 SOURCE TOWERS II, LLC,

    Plaintiff,

v.        CASE No. 8:21-cv-1225-SDM-SPF

CITY OF LAKELAND,

    Defendant.

_____/

# ORDER

Before the Court is Defendant City of Lakeland and non-party Cellco Partnership d/b/a Verizon Wireless's Joint Unopposed Motion to Deem Documents Confidential (Doc. 32). The Court held a hearing on the motion on February 15, 2023, and Plaintiff does not object to the relief. Upon consideration, it is ORDERED:

(1) The Joint Unopposed Motion to Deem Documents Confidential (Doc. 32) is GRANTED; and

(2) Documents produced by non-party Verizon in response to the City of Lakeland's subpoena that are stamped "Confidential" or "Highly Confidential" are hereby deemed confidential and exempt from disclosure to any person or entity other than the City of Lakeland and its counsel, absent Verizon's written consent. [1]

---

[1] A party designating a document, discovery, testimony, or other information as "CONFIDENTIAL" or "CONFDENTIAL INFORMATION" does not satisfy that party's obligation to prove to the court that there is good cause for sealing those same documents if they are submitted later with pretrial motions that require judicial resolution of the merits or at trial. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (stating "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). When a party seeks to

**ORDERED** in Tampa, Florida, on February 15, 2023.

_[signature]_
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

file a document under seal, the Court must necessarily determine the matter upon motion by the party in conformance with Local Rule 1.11, M.D. Fla.