**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| 1 SOURCE TOWERS II, LLC, ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No.: |
| CITY OF LAKELAND, a municipal ) | 8:21-CV-01225-SDM-SPF |
| Corporation created by and existing under ) | |
| The laws of the State of Florida, ) | |
|     Defendant. ) | |

**AMENDED PRETRIAL STATEMENT**

Plaintiff 1 Source Towers II, LLC ("Plaintiff" or "1 Source") and Defendant

City of Lakeland ("Defendant" or "City") by and through their undersigned

counsels, submit this Pretrial Statement.

**BASIS OF FEDERAL JURISDICTION**

This Court has federal question jurisdiction over this action under 28 U.S.C.

§ 1331, because it arises under the Federal Communications Act of 1934, as

amended by the Telecommunications Act of 1996 ("TCA"), in particular 47 U.S.C.

§ 332(c)(7)(B). This Court also has jurisdiction over this action under 28 U.S.C. §

1337(a), because the Federal Communications Act and TCA are acts of Congress

regulating commerce.

This Court has jurisdiction to order declaratory and injunctive relief under 28

U.S.C. § 2201 and 2202 because there is an actual controversy between the parties.

Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant

is located in this district, "a substantial part of the events giving rise to the claim occurred" in this district, and "a substantial part of the property that is the subject of the action is situated" in this district.

## NATURE OF ACTION

This civil action involves 2 claims under Section 332 of the TCA, they are: (I) Rendering a decision on a communication tower application that prohibits or has the effect of prohibiting wireless service to a geographic area ("Effective Prohibition"), and (II) Failure to provide a written decision supported by substantial evidence ("Substantial Evidence").

## STATEMENT OF THE CASE

### A. Plaintiff's Statement

This is an action based on an appeal from an administrative appeal rendered by the City of Lakeland that upheld the denial of a conditional use permit, CUP19-016, for a telecommunications tower. The action was filed within 30 days of the appellate decision being entered. 1 Source as an interested party brought this action against Defendant City of Lakeland for claims under the TCA.

In the second count of the Amended Complaint, Substantial Evidence, 1 Source alleges Defendant's City Commission's appellate decision lacked substantial evidence as to the reason for affirming the Defendant's denial of 1 Sources permit to build a telecommunications tower at the 1800 Harden Blvd., Lakeland, FL 33803

(the "Harden Blvd. Site").

In the first count of the Amended Complaint, Effective Prohibition, 1 Source alleged that Defendant's denial effectively prohibited 1 Source from solving a gap in service identified by Verizon Wireless ("Verizon") when it denied 1 Source's application for a wireless communication tower at the Harden Blvd. Site.

To support this claim and during the application process, 1 Source provided information to Defendant of the alternate sites that were considered and why they were not viable alternatives to the Harden Blvd. Site.

1 Source provided documentation and reports regarding Verizon's service in the search ring in question, which addressed both coverage and capacity. The reports and testimony indicated that there was a service gap, which could be addressed by the approval and construction of a wireless communication tower at the Harden Blvd. Site.

1 Source further provided documentation that the Harden Blvd Site was the least intrusive site available after reasonable inquiry and that the design and height of the tower were the least intrusive design and heigh necessary to solve the service gap.

Defendant provided no reports or documentation identifying an alternative site or design that would address the service gap or that contradicted the reports and documentation provided by 1 Source and Verizon.

Despite the lack of both substantial evidence in the city appellate record and the lack of a viable alternative to the Harden Blvd. Site, Defendant improperly denied 1 Source's permit application. The actions of the Defendant give rise to the two causes of action against the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order and Judgment:

1. Declaring that Defendants' denial of Plaintiffs' Application prohibits or has the effect of prohibiting the provision of wireless service in violation of 47 U.S.C. §332(c)(7)(B)(i)(II);

2. Declaring that Defendants' denial of Plaintiff's Application constitutes a violation of 47 U.S.C. §332(c)(7)(B)(iii) in that it is not supported by substantial evidence contained in the written record.

3. Declaring that the Defendants' denial of Plaintiff's Application was affected by an error of law, was arbitrary and capricious and an abuse of discretion, and was not supported by substantial evidence based on the entire record.

4. Ordering, directing, and enjoining the Defendants to immediately issue all approvals and permits necessary to allow construction and operation of the proposed 1 Source's Tower, including (without limitation) all building permits, site plan approvals, conditional use permits, and variances.

5. Awarding Plaintiff the costs, disbursements, and expenses of this

action; and such other and further relief as this Court deems just and proper.

**B. Defendant's Statement**

Plaintiff pleads in its Amended Complaint that Defendant "violated Section 332(c)(7)(B)(iii) of the TCS because Defendant's denial of Plaintiff's Application was not based on substantial evidence as it did not address 1 SOURCE's contention during the application that denial of the application would effectively prohibit Verizon from solving a significant gap in its service and thereby necessitate approval to confirm with Federal law." Defendant, at each of the staff, Planning & Zoning Board, and Commission levels, possessed substantial evidence contained in a written record supporting its decision to deny Plaintiff's Application: namely that the proposed Tower was not remotely close to passing the City's setback requirements and that residents had complained of its proximity to residential areas and a school as well as of its aesthetics. Regarding "effective prohibition" in particular, the question of "effective prohibition" under Section 332 is an issue of law which has seen much dispute in the Federal District Courts and remains undefined in this Eleventh Circuit. The Eleventh Circuit had not held at the time, nor does it hold now, that the "service gap" argument advanced by Plaintiff's counsel is "effective prohibition" contemplated by Section 332(c)(7)(B)(i)(II). Section 332(c)(7)(B)(iii) only provides procedural protections regarding determinations of factual issues in the course of applying state or local zoning law. Plaintiff specifically takes issue

with the Commission, whose review of the Planning and Zoning Board's denial was limited to whether the Planning and Zoning Board made some sort of mistake. Furthermore, a resident testified at public hearing before the Planning and Zoning Board that she was a Verizon customer, that she lived near the location of the proposed Tower, and that she had no problems with Verizon as her provider.

Plaintiff argues primarily that Defendant's denial of Plaintiff's Application violates Section 332(c)(7)(B)(i)(II) of the TCS because it "effectively prohibits" constructing the proposed Tower for Verizon. Besides the aforementioned issues regarding what constitutes an 'effective prohibition" under the TCS, Plaintiff cannot even under its own standard show that it has exhausted all less intrusive options. Plaintiff lacks standing as it does not provide wireless services, nor does Plaintiff have any contractual relationship with any provider of wireless services regarding this particular proposed Tower. By its business model, Plaintiff builds "macro towers" almost exclusively, which are but one of the many types of personal wireless service facilities (e.g., macro towers, guyed towers, monopole towers, stealth towers, small cells, in-building solutions) through which non-party Verizon could remedy some service deficiency alleged by Plaintiff. Neither Plaintiff nor non-party Verizon explored whether "small cells," which are not subject to the setback requirements supporting Defendant's denial of Plaintiff's Application, would have been a viable alternative to the proposed Tower. Neither Plaintiff nor non-party Verizon can

simply ignore the variety of new solutions provided by technological advancements in order to put up a proposed tower which plainly and significantly violates the relevant zoning code. Such a practice cannot reasonably be an "effective prohibition." Furthermore, where the only distinction between these proposed remedies would be their cost to accomplish the same purpose, Defendant argues that the same does not constitute an "effective prohibition."

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's prayed-for relief and enter judgment in Defendant's favor.

## EXHIBIT LIST

### A. Plaintiff's Exhibit List

| No. | Title | Objection |
|---|---|---|
| 1. | Pre-Application Request (Composite) | (None) |
| 2. | Phillip Scearce Documents (Composite) | (None) |
| 3. | Neighborhood Mailout (Composite) | (None) |
| 4. | Conditional Use Approval Application (Composite) | (None) |
| 5A. | 1 Source Powerpoint Presentation for December 15, 2020 | |
| 5B. | Transcript of the December 15, 2020 (Composite) | (None) |
| 6. | Conditional Use – Submittal 2 (Composite) | (None) |
| 7A. | 1 Source Powerpoint Presentation for January 20, 2021 | |
| 7B. | Transcript of the January 20, 2021, Planning and Zoning Board Hearing (Composite) | (None) |
| 8. | City Appeal Submittal (Composite) | (None) |
| 9A. | 1 Source Powerpoint Presentation for April 19, 2021 | |
| 9B. | Transcript of the April 19, 2021, City Commission Hearing (Composite) | (None) |

| No. | Title | Objection |
|---|---|---|
| 10. | City Commissioners written Decision dated April 21, 2021 | (None) |
| 11. | Methodology Report | Hearsay for certain uses |
| 12. | 2010 Census as published in map format by the City of Lakeland | (None) |
| 13. | Omni Consulting Group, Inc. Expert Review Report | Hearsay |
| 14.A | Justin Dehnert Deposition | Hearsay |
| 14.B | Justin Dehnert Errata Sheet | Hearsay |
| 14.C | Gail Buckmaster Deposition | Hearsay |
| 14.D | Gail Buckmaster Errata sheet | Hearsay |
| 14.E | Roger Laperna Deposition | Hearsay |
| 14.F | Roger Laperna Errata Sheet | Hearsay |
| 14.G | Chris Monzingo Deposition | Hearsay |
| 14.H | Santiago Torres Deposition | Hearsay |
| 14.I | Chris Monzingo Resume | |
| 14.J | Omnicom Consulting Report | |
| 15. | Any Exhibit Listed by Defendant | |

## B. Defendant's Exhibit List

| No. | Title | Objection |
|---|---|---|
| 1. | Project Details for CUP19-016 | Relevance, Failure to Disclose in discovery |
| 2. | Planning & Zoning Board Recommendation (LAKELAND 00004-00014) | |
| 3. | Letter from City Counsel to 1 Source re: Planning & Zoning Board Recommendation | |
| 4. | Transcript of Dec. 15, 2020 Planning and Zoning Board Hearing (Doc. 1-9) | |
| 5. | Transcript of Jan. 20, 2021 Planning and Zoning Board Hearing (Doc. 1-12) | |
| 6. | Transcript of Apr. 19, 2021 City Commission Hearing (Doc. 1-19) | |
| 7. | Composite: Correspondence from Public Opposing Proposed Tower (LAKELAND 00017-000466) | Relevance, Hearsay |
| 8. | Foresite Group's Mock-Up Photos of Proposed | |

| | | |
|---|---|---|
| | Tower (Doc. 1-8 at 35-40) | |
| 9. | Composite: Drafts of Verizon RF Usage and Facility Justification PowerPoint (VERIZON 001047-001060, 001100-001115, 001165-001176, 001207-001222, 0001223-001236, 001266-001277, 001520-001531) | Hearsay and Confidentiality |
| 10. | Verizon Email Chain re: Suggested Revisions to Verizon RF Report (VERIZON 000916-000920) | Hearsay and Confidentiality |
| 11. | Memo by Dehnert to Scearce re: Site Acquisition Methodology for FL7092N Legacy (Doc. 1-6 at 1-26) | |
| 12. | Composite: Site Selection Worksheets | |
| 13. | Composite: Search Ring Summaries | |
| 14. | Verizon's Coverage Map in Area Surrounding Proposed Tower Location | Hearsay Confidentiality |
| 15. | Emails with Extra Space Storage re: Negotiations (Sep. 14, 2022 Dehnert Deposition Ex. 2) | |
| 16. | Emails with Extra Space Storage re: Negotiations (Sep. 14, 2022 Dehnert Deposition Ex. 3) | |
| 17. | Emails with Extra Space Storage re: Negotiations (Sep. 14, 2022 Dehnert Deposition Ex. 4) | |
| 18. | Emails between Dehnert and LaPerna re: Extra Space Storage and Dry Cleaners (Sep. 14, 2022 Dehnert Deposition Ex. 5) | |
| 19. | Land Lease Agreement (Sep. 14, 2022 Dehnert Deposition Ex. 6) | |
| 20 | Letter to Landowner re: Land Lease Agreement (Sep. 14, 2022 Dehnert Deposition Ex. 7) | |
| 21. | Emails with Landowner re: Time and Payment (Sep. 14, 2022 Dehnert Deposition Ex. 8) | |
| 22. | Any exhibit listed by Plaintiff | |

## WITNESS LIST

## A. Plaintiff's Witness List

| Name | Likelihood | Objection |
|---|---|---|
| Justin Denhert | Likely | |
| Roger Laperna | Unlikely | |
| Gail Buckmaster | Likely | |
| Jonathan Montenegro | Likely | |
| Smartlink Representative | Unlikely | |
| Santiago Torres | Likely | |
| Records Custodian for Planning & Zoning Meeting minutes | Unlikely | |
| Teresa Maio | Likely | |
| Philip Scearce | Likely | |
| | | |
| | | |
| | | |

## B. Defendant's Witness List

| Name | Likelihood | Objection |
|---|---|---|
| Justin Dehnert | Likely | |
| Roger Laperna | Likely | |
| Jonathan Montenegro | Likely | |
| Santiago Torres | Likely | |
| Verizon marketing / sales representative | Likely | |
| Teresa Maio | Likely | |
| Philip Scearce | Likely | |
| Lynn Zellers | Likely | Relevance, Improper Expert Testimony |
| Christina Aguilar | Unlikely | Relevance, Improper Expert Testimony |
| Marco Aguilar | Unlikely | Relevance, Improper Expert Testimony |

## EXPERT WITNESSES

## A. Plaintiff's Expert Witness List

| Name | Substance | Objection |
|---|---|---|

| | | |
|---|---|---|
| Christopher Monzingo, P.E., PMP | A service gap exists, and the Harden Site is needed to mitigate the existing deficiency in Verizon's wireless communication network | |

**B. Defendant's Expert Witness List**

| Name | Substance | Objection |
|---|---|---|
| (None) | (None) | Defendant did not identify or disclose any expert witness |

## MONETARY DAMAGES

Not applicable.

## DEPOSITIONS OFFERED IN LIEU OF LIVE TESTIMONY

**A. Plaintiff Depositions**

None

**B. Defendant Depositions**

None.

## ADMITTED FACTS

Plaintiff, 1 SOURCE TOWERS II, LLC is a Delaware limited liability company, that is a party adversely affected by Defendant's Denial of Plaintiff's application.

Defendant, City of Lakeland, Florida, is a duly authorized Municipal Corporation constituted and existing under the laws of the State of Florida that has

the authority, among other things, to grant conditional use permits under the Land Development Code (the "Code"). The legal framework is found in the Code at Section 5.18 *et seq.* with the conditional use permit process beginning at Sub-Section 5.18.7 *et seq*.

This action seeks relief for the following 2 claims under Section 332 of the Telecom Act, they are: 1) Failure to provide a written decision supported by substantial evidence ("Substantial Evidence"), and 2) Rendering a decision on a communication tower application that prohibits or has the effect of prohibiting wireless service to a geographic area ("Effective Prohibition").

An application was submitted by 1 Source Towers, LLC to the City on December 4, 2019, which requested approval for a 110' tall Monopole Tower to be located at 1800 Harden Blvd., Lakeland, FL 33803.

There were discussions with the Defendant's Community & Economic Development Department ("Staff") to review the Conditional Use application and possible revisions including and explanation of alternative sites that were considered (Bates No. 62-65); and, prior conditional use site(s) Defendant had previously approved (Bates No. 40-41). Attached hereto and incorporated by reference is Composite Exhibit 2 – Phillip Scearce Documents. Dkt. 20-02.

A public hearing occurred before the Planning and Zoning Board ("P&Z") on December 15, 2020.

On January 11, 2021, following the December 15, 2020, hearing, and as requested at the hearing, 1 SOURCE filed supplemental documentation. Attached to the Amended Complaint and incorporated by reference is the Conditional Use – Submittal 2 as Composite Exhibit 6. Dkt. 20-10.

A hearing occurred on January 20, 2021, in front of the P&Z; the City's staff recommended denial at that hearing; and the Board ultimately denied the Application based on the staff recommendation.

On or about February 18, 2021, Plaintiff appealed the denial to the City Commission. Attached to the Amended Complaint and incorporated by reference is the City Appeal Submittal as Composite Exhibit 8. Dkt. 20-13:Dkt. 20-17.

On April 19, 2021, the City Commission held a hearing on the appeal. Ultimately the City Commission denied the appeal, on the basis that they believed the Planning & Zoning Board's decision was procedurally proper under the City's Code. The Commission did not make a decision on the merits of 1 SOURCE's contention that denying 1 SOURCE's Tower would effectively prohibit Verizon from solving a significant gap in its service. Attached to the Amended Complaint and incorporated by reference is a transcript of the April 19, 2021, City Commission Hearing as Composite Exhibit 9. Dkt. 20-19. Objecting residents testified to the quality of Verizon's service in the area and the proximity of the proposed Tower to residences and schools. One objecting resident testified that she was a customer of

Verizon in the subject area and that she had no problems with Verizon as her provider.

Santiago Torres testified as part of the conditional use approval process.

The City's professional staff determined that the Application did not meet the criteria of the City's Land Development Code, or the policies articulated in the City's Comprehensive Plan, and those findings were adopted by the P&Z.

1 SOURCE contended, throughout the entirety of the application process, that denial of 1 SOURCE's Tower would effectively prohibit Verizon from solving a significant gap in Verizon's service.

**AGREED PRINCIPLES OF LAW**

This Court has jurisdiction to order declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202 because there is an actual controversy between the parties.

Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant is located in this district, "a substantial part of the events giving rise to the claim occurred" in this district, and "a substantial part of the property that is the subject of the action is situated" in this district. The operative federal law is the Telecommunications Act of 1996 ("TCA"), in particular 47 U.S.C. § 332(c)(7)(B).

The TCA provides, in relevant part, that "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof…shall not prohibit or have the effect of

prohibiting the provision of personal wireless services." 47 U.S.C. §332(c)(7)(B)(i)(II).

Section 332(c)(7)(B)(iii) of the TCA provides that:

Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

Failure to provide a written decision supported by substantial evidence could best be described as Federal Certiorari review of a communication tower application.

A federal court under a Substantial Evidence claim performs its review in a manner that is deferential to the local jurisdiction. Extrinsic evidence may not be introduced. The adjudicator is not allowed to re-weigh the evidence that was before the local jurisdiction but, rather, examines whether the decision of a local jurisdiction was supported by Substantial Evidence. Substantial Evidence is considered to be between a mere scintilla and a preponderance of the evidence.

Rendering a decision that prohibits or has the effect of prohibiting wireless service to a geographic area (Effective Prohibition) is a *de novo* review, giving no deference to local jurisdiction.

Attorneys' fees are not available to either party or the prevailing party.

The issue of expedited proceedings is moot.

## STATEMENT OF EACH ISSUE OF FACT

### A. Plaintiff Statements of Facts at Issue

Whether Defendant did provide substantial evidence to support its decision in answering the question, on appeal to the City Commission, on the merits of 1 SOURCE's contention that denying 1 SOURCE's Tower would effectively prohibit Verizon from solving a significant gap in its service.

Whether a local jurisdiction can engage in effective prohibition even if its decision is supported by substantial evidence.

Whether Verizon requested 1 SOURCE to construct a tower to solve a gap in Verizon's wireless service.

Whether Verizon's wireless service gap consists of a deficiency of in-building coverage and traffic capacity.

Whether Verizon's wireless service gap in service was significant as it was geographically large, had a sizable population, and possessed at least one heavily traveled road within the gap area.

Whether a tower on the Harden Site would solve the gap in service.

Whether 1 SOURCE made reasonable inquiries into the feasibility of alternative facilities designs and site locations searching a geographic area that was larger than Verizon's search ring.

Whether the design and location submitted to the City were a compromise in solving Verizon's wireless service gap as it was located 0.21 miles from the intersection of Beacon Road and Harden Blvd. just past the northern edge of

Verizon's search ring; and, the tower was 110 feet tall, which was a reduction of 40 feet from Verizon's initial request.

Whether the City prevented Verizon from solving that gap in its service by denying 1 SOURCE's conditional use permit application to construct the tower at the Harden Blvd. Site.

**B. Defendant's Statement of Facts at Issue**

Whether Plaintiff 1 Source Towers II, LLC has standing to bring a cause of action for violation of 47 U.S.C. § 332, where Plaintiff does not provide personal wireless services, and where no third party is contracted to or otherwise obligated to provide personal wireless services regarding the proposed Tower.

If the Court finds as a matter of law that "preventing a wireless provider from closing a 'significant gap' in service coverage" violates 47 U.S.C. § 332(c)(7)(B)(i)(II):

1) Whether there is a "significant gap in service coverage" sought to be remedied by the proposed Tower.

2) If so, whether the proposed Tower is the "least intrusive means" to remedy that significant gap in service coverage.

Whether the decision by the City's Planning and Zoning Board to deny 1 SOURCE's Conditional Use Application was supported by competent, substantial evidence.

Whether the decision by the City Commission to affirm the denial by the

Planning and Zoning Board was supported by competent, substantial evidence.

## STATEMENT OF EACH ISSUE OF LAW

### A. Plaintiff's Statement of Each Issue of Law

1) Does Verizon need to be a party to this lawsuit?

   1 Source maintains, with the previous ruling of the Court in its Order on the Motion to Dismiss the Complaint (Dkt. 18), that Verizon does not need to be a part to this lawsuit.
      i. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)
      ii. *Cellco Partnership v. Board of Supervisors of Fairfax County*, 140 F. Supp. 3d 548, 561 (E.D. Va. 2015)

2) There are four legal standards for reviewing whether a significant gap in service exists under Effective Prohibition Analysis. They are the:
   a. The Tantamount Prohibition Rule (4th Circuit)
      i. *T-Mobile N.E. LLC*, 672 F.3d at 266 ;
      ii. *AT&T Wireless PCS, Inc.*, 155 F.3d at 428; *Cellular S. Real Estate, Inc.*, 2016 U.S. Dist. LEXIS 88444, at *32
      iii. *Cellular S. Real Estate, Inc.*, 2016 U.S. Dist. LEXIS 88444, at *32
      iv. *T-Mobile N.E. LLC*, 672 F.3d at 266
      v. *AT&T Wireless PCS, Inc.*, 155 F.3d at 428; 360 Degrees Commc'n Co. of Charlottesville v. Bd. of Supervisors of Ablemarle County, 211 F.3d 79, 88 (4th Cir. 2000)
   b. One Service Provider Rule (2nd and 3rd Circuits)
      i. *Sprint Spectrum L.P. v. Willoth*, 176 F.3d 630, 643 (2d Cir. 1999);
      ii. *Cellular Tel. Co. v. Zoning Bd. of Adjustment of the Borough of Ho-Ho-Kus*, 197 F.3d 64, 70 (3d Cir. 1999);
      iii. *Omnipoint Commc'ns Enters., L.P.*, 219 F.3d at 244.
      iv. *Cellular S. Real Estate, Inc. v. City of Mobile*, No. 15-00387-CG-B, 2016 U.S. Dist. LEXIS 88444, at *32 (S.D. Ala. July 8, 2016)
      v. *Second Generation Props., L.P. v. Town of Pelham*, 313

F.3d. 620, 627 (1st Cir. 2002).

 c. Providers Service Rule (1st, 6th, and 9th Circuits)

   i. *Cellular S. Real Estate, Inc. v. Mobile*, No. 15-00387-CG-B, 2016 U.S. Dist. LEXIS 88444, at *32 (S.D. Ala. July 8, 2016)

   ii. *Town of Pelham*, 313 F.3d at 631.

   iii. *T-Mobile Cent., LLC v. Charter Twp. of W. Bloomfield*, 691 F.3d 794, 807 (6th Cir. 2012)

   iv. *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 733 (9th Cir. 2005), *abrogated on other grounds by* T-Mobile South, LLC v. City of Roswell, 574 U.S. 293 (2015).

 d. The Material Inhibition Rule (FCC Ord. 18-133)

   i. FCC Ord. 18-133.

No test is binding on this Court in this Action as the 11th Circuit Court of Appeal has yet to render a decision on the issue, and there is a circuit split on the proper interpretation with at least three different tests being applied by courts. To date, the Provider's service rule has been employed by the Middle District of Florida, the Southern District of Florida, and the Northern District of Georgia. The Court acknowledged this in its Order on the Motion to Dismiss the Complaint (Dkt. 18).

3) There are four legal standards for reviewing whether reasonable inquiry into alternatives occurred under Effective Prohibition Analysis. They are:

 a. The Fourth Circuit Test (4th Circuit)

   i. *Primeco Pers. Commc'ns. Ltd. P'ship v. Lake County*, 97-208-CIV-OC-10B, 1998 WL 565036 at *10 (M.D. Fla. July 20, 1998)

   ii. *360 Degrees Commc'ns. Co. of Charlottesville v. Bd. of Supervisors*, 211 F. 3d 79, 86 (4th Cir. 2000)

 b. The Only Feasible Plan Test (1st and 7th Circuits)

   i. *PI Telecom Infrastructure, LLC v. City of Jacksonville*, 104 F. Supp. 3d 1321, 1348–49 (M.D. Fla. 2015);

   ii. *T-Mobile S. LLC v. City of Margate*, 10-CV-60029, 2011 WL 1303898, at *6–8 (S.D. Fla. Apr. 4, 2011);

   iii. *TowerCom V, LLC v. City of College Park*, 2013 WL 4714203, at *8–9 (N.D. Ga. Aug. 21, 2013);

   iv. *T-Mobile South, LLC v. City of Milton*, 2015 WL

13687970, at *8–9 (N.D. Ga. Nov. 2, 2015).

    v. *City of Margate*, 2011 WL 1303898, at *4;

    vi. *Town of Amherst, N.H. v. Omnipoint Commc'ns. Enters., Inc.,* 173 F.3d 9, 14 (1st Cir. 1999).

    vii. *Omnipoint Holdings, Inc. v. City of Cranston*, 586 F.3d 38, 50 (1st Cir. 2009)

    viii. *Second Generation Props., L.P. v. Town of Pelham*, 313 F.3d 620, 630 (1st Cir. 2002).

    ix. *Airtouch Cellular v. City of El Cajon, 83 F. Supp*. 2d 1158, 1166 (S.D. Cal. 2000);

    x. *Voice Stream PCS I, LLC v. City of Hillsboro*, 301 F. Supp. 2d 1251, 1261 (D. Or. 2004).

    xi. *Cranston*, 586 F.3d at 52

    xii. Indus. Commc'ns. & Elecs., Inc. v. O'Rourke, 582 F. Supp. 2d 103, 108 (D. Mass. 2008).

    xiii. T-Mobile W. Corp. v. City of Agoura Hills, No. CV 09-9077 DSF PJWX, 2010 WL 5313398 at *10 (C.D. Cal. Dec. 20, 2010).

    xiv. T-Mobile S. LLC v. City of Margate, No. 10-CV-60029, 2011 WL 1303898, at *8 (S.D. Fla. Apr. 4, 2011).

    xv. *City of Agoura Hills*, 2010 WL 5313398, at *9

c. The Least Intrusive Means Test (2nd, 3rd, and 9th Circuits)

    i. *PI Telecom Infrastructure, LLC v. City of Jacksonville*, 104 F. Supp. 3d 1321, 1348–49 (M.D. Fla. 2015);

    ii. *T-Mobile S. LLC v. City of Margate*, 10-CV-60029, 2011 WL 1303898, at *6–8 (S.D. Fla. Apr. 4, 2011);

    iii. *TowerCom V, LLC v. City of College Park*, 2013 WL 4714203, at *8–9 (N.D. Ga. Aug. 21, 2013);

    iv. *T-Mobile South, LLC v. City of Milton*, 2015 WL 13687970, at *8–9 (N.D. Ga. Nov. 2, 2015).

    v. *T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 997–98 (9th Cir. 2009)

    vi. *City of Anacortes*, 572 F.3d at 995

    vii. *T-Mobile S. LLC v. City of Margate*, No. 1-CV-60029, 2011 WL 1303898, at *1, 4 (S.D. Fla. Apr. 4, 2011)

    viii. *MetroPCS, Inc. v. City and County of San Francisco*, No. C 02-3442 PJH, 2006 WL 1699580, at *13 (N.D. Cal. June 16, 2006).

d. The Material Inhibition Rule (FCC Ord. 18-133)

    i. FCC Ord. 18-133.

No test is binding on this Court in this Action as the 11th Circuit Court of Appeal has yet to render a decision on the issue, and there is a circuit split on the proper interpretation with at least three different tests being applied by courts. To date, the Least Intrusive Means Test rule has been employed by the Middle District of Florida, and the Northern District of Georgia. The Court acknowledged this in its Order on the Motion to Dismiss the Complaint (Doc. 18).

## B. Defendant's Statement of Each Issue of Law

1) Whether Plaintiff 1 Source Towers II, LLC has standing to bring a cause of action for violation of 47 U.S.C. § 332, where Plaintiff does not provide personal wireless services, and where no third party is contracted to or otherwise obligated to provide personal wireless services regarding the proposed Tower.

2) The proper standard for determining whether a State or local government regulation "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services" pursuant to 47 U.S.C. § 332(c)(7)(B)(i)(II).

   a. If the Court finds as a matter of law that "preventing a wireless provider from closing a 'significant gap' in service coverage" violates 47 U.S.C. § 332(c)(7)(B)(i)(II): what constitutes a "significant gap in service coverage" as a matter of law.

   b. If the Court finds as a matter of law that "preventing a wireless provider from closing a 'significant gap' in service coverage" violates 47 U.S.C. § 332(c)(7)(B)(i)(II): what constitutes a "least intrusive means" as a matter of law.

3) What constitutes a "decision" and what constitutes a "written record" under 47 U.S.C. § 332(c)(7)(B)(ii).

4) Whether 47 U.S.C. § 332(c)(7)(B)(ii) requires a local government denying a request to construct a proposed personal wireless service facility to have substantial evidence that the proposed facility does not "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services," or whether the statute requires only that the local government have

substantial evidence that the proposed facility does not comply with state or local law.

## C. Agreed Statement of Each Issue of Law

1) The Substantial Evidence Test asks, "whether the decision of a local jurisdiction *is supported* by Substantial Evidence." As such, the Court's substantial evidence review is limited to looking for evidence *that supports* the City's stated basis for denial.

## PENDING MOTIONS OR UNRESOLVED ISSUES

1) Plaintiff's Motion in Limine to Exclude Evidence and/or Argument as to Count II.

2) Documents not produced by City.

3) Defendant's witnesses not disclosed pursuant to Rule 26.

4) Limitation on witnesses regarding opinion testimony.

5) Discovery dispute of what documents constitute the Record.

## SETTLEMENT

Despite a good faith effort by the parties, the parties have agreed that settlement is not possible, and this matter should proceed to trial.

## CERTIFICATION

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

| s/ MATTANIAH S. JAHN, ESQ. | s/ *Edward B. Kerr* |
|---|---|
| **MATTANIAH S. JAHN, ESQ.** | JOHN MARC TAMAYO, ESQ. |
| Florida Bar No. 0105256 | Florida Bar No. 030910 |
| Mattaniah S. Jahn, P.A. | EDWARD BROUGHTON KERR, ESQ. |

935 Main Street, Suite C4
Safety Harbor, FL 34695
Primary email:
mjahn@thelawmpowered.com
Secondary email:
vclark@thelawmpowered.com
Attorney for Plaintiff

s/ DAVID M. BLUM, ESQ.
**DAVID BLUM, ESQ.**
Florida Bar No. 0632759
Mattaniah S. Jahn, P.A.
935 Main Street, Suite C4
Safety Harbor, FL 34695
Primary email:
dblum@thelawmpowered.com
Secondary email:
david@davidblumlaw.com
Attorney for Plaintiff

Florida Bar No. 1018861
Campbell, Trohn, Tamayo, & Aranda, P.A.
1701 South Florida Ave
Lakeland, FL 33803
863-686-0043
863-616-1445 (fax)
j.tamayo@cttalaw.com
e.kerr@cttalaw.com
m.cunningham@cttalaw.com
Attorneys for Defendant